UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                         PLAINTIFF

vs.                                                           CRIMINAL ACTION NO. 3:23CR15-BJB

DANIEL GUENTHER                                                                                DEFENDANT

*-Electronically Filed-*
**SENTENCING MEMORANDUM**

The United States of America, by counsel, files this memorandum in support of sentencing which is currently scheduled for May 12, 2023. We do not anticipate calling any witnesses or there being any factual objections to the final presentence investigation report (PSR) (DN 10). Consistent with the Plea Agreement, the United States will ask the Court to impose a sentence of 120 months' imprisonment followed by a life term of Supervised Release.

**GUIDELINES CALCULATION**

The United States Probation Office disclosed the initial PSR on April 4, 2023. (DN 9). Neither party lodged any objection to the PSR.[1] Consequently, the Probation Office issued a final PSR, with no changes to the original disclosure, on April 28, 2023. (DN 10). The United States agrees with the Guidelines calculation in the PSR.

---

[1] The United States notes one clarification to the PSR. The five level increase to the offense level, pursuant to U.S.S.G. § 2G2.2(b)(5), is appropriately applied based on Guether's 1998 Scott Circuit Court (Indiana) conviction for child molesting in Case Number 71C01-9707-CF-00031. This is so because the underlying criminal conduct included multiple instances of 32-year-old Guenther's sexual intercourse with a then 13-year-old child.

However, Guenther's prior conviction in this Court for the receipt and possession of child pornography (Criminal Action Number 3:07CR-102), does not qualify as criminal conduct justifying the five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5). "'Sexual abuse or exploitation' does not include possession, accessing with intent o view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." Application Note 1 to U.S.S.G. § 2G2.2.

## SENTENCING FACTORS

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). The factors for the Court to consider when imposing a sentence include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
. . .
(5) any pertinent policy statement--
. . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

When applying those factors to this case, the statutorily mandated 120-month sentence is sufficient, but not greater than necessary, to meet the objectives of 18 U.S.C. § 3553(a).

Daniel Guenther is a 58-year-old man with a criminal record dating back to 1997. Of note, his criminal conduct solely relates to the sexual exploitation of children. It includes hands-on offending of a 13-yaer-old girl. Following release from prison on the child molestation conviction, Guenther engaged in the acquisition and possession of child pornography for which he was prosecuted and convicted in this Court in 2007. Judge Heyburn sentenced Guenther to

210 months in prison for the child pornography charges. The instant charge stemmed from Guenther's continued criminal conduct while serving the term of Supervised Release imposed in the 2007 case. For nearly 26 years, Guenther has either been committing crimes involving the sexual exploitation of children or serving time in prison for those crimes.

The recommended sentence set out in the Plea Agreement reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. A combined sentence of 120 months in prison followed by a life term of Supervised Release will hopefully serve as a deterrent to Guenther and others who may contemplate similar conduct. It will also protect the public from further crimes of the defendant. The recommended sentence does not run afoul of the need to avoid sentencing disparities, in light of individualized sentencing.

Restitution is not an issue in the case. In the Plea Agreement, Guenther abandoned his interest in all evidence and property seized during the course of this investigation. A motion for destruction of evidence (*i.e.*, the cellular telephone), will be filed prior to the sentencing hearing.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that the Court accept the Plea Agreement and impose a sentence of 120 months' imprisonment followed a life term of Supervised Release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

3

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on May 4, 2023.

<u>*/s/ Jo E. Lawless*</u>
Jo E. Lawless
Assistant United States Attorney